[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13310

Non-Argument Calendar

_____

ELIMANIEL GONZALEZ,

Plaintiff-Appellant,

*versus*

WAL-MART STORES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-02077-KKM-JSS

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Elimaniel Gonzalez claims that Wal-Mart's negligence caused his slip and fall. We vacate the district court's grant of summary judgment for Wal-Mart because a reasonable jury could find that the company had notice of the substance that caused the accident.

## I.

Everyone agrees that Elimaniel Gonzalez stepped on some sort of substance near a Wal-Mart store register, slipped, and fell. He did not see the substance before he slipped, but afterward said he saw "a white creamy liquid (similar to the color of the floor) about the size of a dinner plate." Footage from Wal-Mart's cameras captured the fall and the surrounding area both before and after the accident.

Gonzalez sued Wal-Mart, and Wal-Mart moved for summary judgment, arguing that it had no notice of the dangerous condition (the substance) that caused the fall. Wal-Mart disclaimed actual notice of the substance because its employees were not aware of the substance and did not cause it to be on the floor. Nor did it have constructive notice, Wal-Mart asserted, because there "is simply no evidence of the length of time the substance was on the floor." Wal-Mart asserts that the substance was on the floor, at most, for twenty-one seconds. That is because shortly before the

22-13310                Opinion of the Court                3

fall, the footage shows a young child holding an object near the fall area.

Gonzalez disagreed. He says the liquid dripped from an overloaded cart right next to the fall area. The footage shows employees loading the stationary cart with merchandise for over an hour and a half. About eight minutes before the fall, an employee moved the cart. For the next eight minutes, a white-ish smudge appears on the footage (and occasionally disappears) in the exact spot that Gonzalez later slipped. He claims that this footage supports his theory that the substance leaked from the cart, and that—at minimum—a dispute of material fact exists about the source of the substance.

The district court sided with Wal-Mart. Although it acknowledged Gonzalez's claim that the substance leaked from the cart, it decided that he had identified "no evidence" from which a reasonable jury could infer that Wal-Mart had notice of the substance. In evaluating Gonzalez's shopping cart theory of actual notice, the court downplayed the footage showing "a white shape," suggesting that it could have been "a trick of the lighting or a flaw in the film." In ruling against constructive notice, the court similarly reasoned that the evidence was insufficient to show when the substance appeared, meaning a jury could not evaluate whether Wal-Mart should have noticed the hazard. Gonzalez now appeals.

## II.

This Court reviews a grant of summary judgment de novo. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011). Along the way, we view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party, Gonzalez. *Id.*

## III.

At this stage in the case, Gonzalez's claim rises and falls with the answer to one question: could a reasonable jury conclude that the substance leaked from the shopping cart? If so, then Wal-Mart could have had actual notice, because it caused the dangerous condition. *See Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. Dist. Ct. App. 2001). And Wal-Mart could have had constructive notice, because then the dangerous condition could have "existed for such a length of time" that Wal-Mart "should have known of the condition." Fla. Stat. § 768.0755.

After carefully viewing the video footage, we conclude that a reasonable jury could decide that the substance leaked from the shopping cart. To start, the footage shows that the cart was parked close to the spot of the slip. For the first hour and thirty-six minutes of the footage, the cart sat adjacent to the floor area where Gonzalez later slipped.

After the cart was removed, about eight minutes elapsed before the slip. During this time, a white-ish spot or smudge appears on the footage. The smudge appears in the *exact* same spot that Gonzalez later stepped on when he slipped. That spot on the

floor is also the *exact* same place where the employee later cleaned up the spill, soaking a paper towel. At times, the smudge disappears, coinciding most frequently with people passing nearby or their shadows covering the area. But no other portion of the footage behaves quite like this smudge. And it is telling that no smudge appeared before the cart was moved or after the slip and cleanup—only during the crucial eight minutes before the fall.

A reasonable jury could conclude, based on its location and persistence, that the smudge on the footage depicted the substance itself or otherwise evidenced its presence. From that fact, it could also conclude that the shopping cart was the source of the substance, meaning that Wal-Mart had notice, actual or constructive.[1]

That said, a reasonable jury could also discount this video evidence. It is true, as the district court stressed, that several people seemed to walk near, over, or even through the substance during the eight-minute period between the cart's removal and the slip. And after he had slipped on the substance (presumably altering it in the process) Gonzalez did not report seeing any dirt, cart marks, or footprints visible in the liquid as he looked at it while walking away. All the same, the existence of evidence to counter Gonzalez's theory of notice does not change the fact that he has

---

[1] To establish constructive notice, the jury would need to decide not only that the substance leaked from the cart, but also that it was "foreseeable" or on the floor "for such a length of time that, in the exercise of ordinary care" Wal-Mart "should have known of the condition." Fla. Stat. § 768.0755(1)(a)–(b).

presented sufficient evidence that a reasonable jury could decide the question in his favor.

## IV.

We **REVERSE** the district court's grant of summary judgment for Wal-Mart and **REMAND** for proceedings consistent with this opinion.